(Hamilton County Common Pleas, 1901.)

HARRY P. WIBORG and JOHN P. HANNA, partners as WIBORG, HANNA & COMPANY, v. CHAS. A. PFEIFER, WILLIAM A. BOCHLE, et al.

The return of the appraisers in a replevin suit can not be considered as testimony to show the value of the property replevied.

SPIEGEL, J.

This is a petition in error to reverse a judgment of Joseph F. Kushman, a Justice of the Peace. Plaintiff in error, Wiborg, Hanna & Company, replevied from defendants in error, the Pfeifer Piano Company and P .P. Casey, assignee, a lot of lumber, and no re-delivery bond having been given, plaintiff in error retained the lumber. The case came to trial before the Justice, and judgment was rendered in favor of the defendant in error, the Pfeifer Piano Company, in the sum of $79.60, being the value of the lumber, as shown by the appraisement when seizure was made by the constable, although the return of the appraisers was not offered in evidence, nor any testimony introduced to prove the value of the lumber.

The only question, therefore, to be considered by me, is, whether or no the parties had a right to consider as testimony the appraisers' return, which was not even offered in evidence. Cases are cited to me from Michigan and Massachusetts, holding that the appraisers' return is proper testimony when offered in evidence; and going a step farther, counsel for defendants in error claims, that being proper testimony, the Justice could take cognizance of the return, being one of the papers in the case.

Section 6617 of the Revised Statutes provides that, *for the purpose of fixing the amount of the undertaking,* the value of the property taken shall be ascertained by the oath of two responsible freeholders of the township, whom the constable shall swear truly to assess the value thereof." Therefore, the only province of the return of the appraisers is to fix the amount of the undertaking, and unless made testimony as to final value by some statutory enactment, which it is not, it can not be considered in evidence at all. The oral testimony of the appraisers as to the value of the property may be given: so may any other competent testimony showing value.

I find upon examination that my predecessor, Judge Sayler, in Bergwanger v. Bristol, reported in 3 Nisi Prius Reports, 161, decided June, 1893, holds the same view, determining that section 5821, relative to appraisements in replevin cases in courts of general jurisdiction,

only fixes the amount of the undertaking, and that the value of the property to be assessed must be assessed by the jury on the evidence submitted as o such value. The judgment of the justice must be reversed, a result which would also obtain were I to follow the Massachussetts and Michigan decisions, the trend of which is that the appraisal in a replevin suit is *prima facie* evidence of the value of the property, but to have that effect it must be offered in evidence. I prefer, however, to rest my decision upon the Ohio statute, which certainly does not tend to make the return evidence of the value of the property for the purpose of a judgment.

Judgment reversed.

Johnson & Levy, for plaintiff in error.

Campbell, Bates, Clen Denning & Meyer, contra.